# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00606-CR

**Eric Daniel Loper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 08-3235-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Eric Daniel Loper guilty of driving while intoxicated and the trial judge assessed sentence at 300 days in jail. Although Loper filed a notice of appeal, neither he nor the State filed a brief. After reviewing the record on file with this Court, we affirm the judgment. *See* Tex. R. App. P. 38.8(b)(4).

The jury found Loper guilty of DWI on October 5, 2009, and the trial court signed the written judgment the next day. The court gave Loper credit for 163 days of time served and ordered him committed immediately. The 137 days remaining on the sentence would have expired on February 20, 2010. The trial court granted his counsel's motion to withdraw "because all contracted services have been rendered to the defendant."

Loper has not taken any action in his appeal since filing the notice. The clerk's record was filed, but no reporter's record was filed. By letter dated April 1, 2010, this Court's clerk sent notice to Loper that the reporter's record was overdue, warning that if Loper did not pay or make

arrangements to pay for the reporter's record, this Court would consider his appeal without it. That notice, sent to Loper's last known address, was returned undelivered. This Court's clerk obtained telephone numbers for Loper and his father from Loper's trial counsel, but was unable to reach Loper by phone. By letter dated July 2, 2010, this Court sent notice that Loper's brief was overdue and that, if he did not respond, this Court would remand the cause for a hearing. That notice was returned to this Court's clerk undelivered, as has subsequent mail sent to other previous addresses. As required by rule, this Court abated and remanded this cause for a determination of whether Loper "desires to prosecute this appeal and, if so, whether appellant is indigent and entitled to have counsel appointed for him or whether appellant is not indigent and has not made the necessary arrangements for filing a brief." Tex. R. App. P. 38.8(b).

The trial court's notice of the hearing was returned undelivered and unable to be forwarded. The trial court concluded that it could not conduct an inquiry into the status of Loper's appeal. Given Loper's failure to participate or keep the courts apprised of his contact information, the trial court concluded that Loper no longer wishes to prosecute his appeal.

We have reviewed the clerk's record and find nothing that requires reversal. The trial court's judgment of conviction and sentence are affirmed.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: July 8, 2011

Do Not Publish